581 F.2d 749
 William THOMAS, Plaintiff-Appellant,
v.
Robert H. BERGLAND, Secretary, U. S. Department of
Agriculture, Edward Hekman, Administrator, Food and
Nutrition Service, Department of Agriculture, James Kocher,
Director, Food Stamp Program, Department of Agriculture,
Richard E. Mellinger, Food Stamp Program, Western Region,
Department of Agriculture, William Mayo, Director, Arizona
Department of Economic Security, Robert Hoogestraat,
Director, Division of County Operations, Arizona Department
of Economic Security, Hugh McFarland, Coordinator, Food
Stamp Unit, Arizona Department of Economic Security, William
Marchinton, Welfare Administrator, Maricopa County Food
Stamp Unit, Arizona Department of Economic Security, in
their official capacities, Defendants-Appellees.
William THOMAS, Plaintiff-Appellee,
v.
Robert H. BERGLAND, Secretary, U. S. Department of
Agriculture, Edward Hekman, Administrator, Food and
Nutrition Service, Department of Agriculture, James Kocher,
Director, Food Stamp Program, Department of Agriculture,
Richard E. Mellinger, Food Stamp Program, Western Region,
Department of Agriculture, William Mayo, Director, Arizona
Department of Economic Security, Robert Hoogestraat,
Director, Division of County Operations, Arizona Department
of Economic Security, Hugh McFarland, Coordinator, Food
Stamp Unit, Arizona Department of Economic Security, William
Marchinton, Welfare Administrator, Maricopa County Food
Stamp Unit, Arizona Department of Economic Security, in
their official capacities, Defendants-Appellants.
 Nos. 76-3087, 76-2199.
 United States Court of Appeals,
Ninth Circuit.
 Sept. 5, 1978.
 
 Victor Aronow (argued), Temple, Ariz., cross-appellee.
 Michael F. Hertz (argued), Washington, D. C., for cross-appellant.
 On Appeal from the United States District Court for the District of Arizona.
 Before MERRILL and CHOY, Circuit Judges, and TANNER,* District Judge.
 PER CURIAM:
 
 Facts
 
 1
 Appellee brought this suit challenging regulations promulgated by the Secretary of Agriculture governing the allocation of food stamps. Under the Food Stamp Act low-income households are entitled to purchase food stamps at a price determined by the household's income. The challenged regulations provide that "scholarships, educational grants (including loans on which repayment is deferred until completion of the recipient's education), fellowships, and veteran's educational benefits" must be included in income. 7 C.F.R. § 271.3(c)(1)(i)(J ). The regulations allow a deduction from income for:
 
 
 2
 "Tuition and mandatory fees assessed by educational institutes (no deductions shall be made for any other educational expenses such as, but not limited to, the expense of books, school supplies, meals at school, and transportation )."
 
 
 3
 7 C.F.R. § 271.3(c)(1)(iii)(F ).
 
 
 4
 Since appellee is the recipient of a National Defense Student Loan the amount of the loan was added to income to the extent that it exceeded tuition and mandatory fees, and the charge for food stamps reflected this addition to income. Appellee contends that the regulation's provision disallowing deductions from income for other educational expenses renders the regulation invalid as conflicting with the purpose of the Food Stamp Act; that student loans must be used for educational purposes and do not contribute to the household food budget, and for that reason should not be considered as income for the purpose of determining food stamp eligibility.
 
 
 5
 The district court agreed with appellee and rendered summary judgment in his favor, incorporating by reference the opinion of the three-judge court in Hein v. Burns, 402 F.Supp. 398 (S.D.Iowa 1975). The Secretary of Agriculture then brought this appeal.
 
 
 6
 After the decision of the district court, but before the briefing in this appeal, the Supreme Court reversed the decision of Hein v. Burns, supra, sub nom. Knebel v. Hein, 429 U.S. 288, 97 S.Ct. 549, 50 L.Ed.2d 485 (1977).
 
 
 7
 In our judgment that decision requires reversal here. The Supreme Court held that the regulations are authorized by the statutes and were a valid exercise of the Secretary's authority. 429 U.S. at 294, 97 S.Ct. 549. The Court also held that the regulations are constitutional, finding that they do not violate due process in that they do not embody any conclusive presumption, and do not violate equal protection because their classifications are reasonable. 429 U.S. at 296-97, 97 S.Ct. 549.
 
 
 8
 Appellee contends that this court should hold that the regulation is invalid despite the decision in Knebel v. Hein because the regulation conflicts with the Act under which his loans were authorized, which provides that the loan proceeds must be used only for "educational expenses." 20 U.S.C. § 1088g. We find this argument to be without merit. The Supreme Court assumed in Knebel v. Hein that all of the educational grant was required to be spent for educational expenses, 429 U.S. at 290 n.3, 97 S.Ct. 549 and rejected a similar argument that the regulations conflicted with the federal Act through which Hein's grants were obtained. 429 U.S. at 296 n.18, 97 S.Ct. 549.
 
 
 9
 Judgment reversed.
 
 
 10
 Our decision on the government's appeal makes it unnecessary for us to reach Thomas's cross-appeal from the district court's denial of class action certification. That cross-appeal is dismissed.
 
 
 
 *
 Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation