Gloria SIEMENS et al.,
Plaintiffs-Appellees,

v.

Bob S. BERGLAND, Secretary of the
United States Department of Agriculture, Defendant-Appellant.

No. 77-3382.

United States Court of Appeals,
Ninth Circuit.

Sept. 27, 1978.

Rehearing Denied Nov. 18, 1978.

Ronald R. Glancz (argued), Dept. of Justice, Washington, D. C., for defendant-appellant.

Deborah Maranville (argued), Seattle, Wash., for plaintiffs-appellees.

Before WRIGHT, GOODWIN and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Appellees, recipients of food stamps, brought this class action for declaratory judgment and an injunction against the Secretary of Agriculture. The district court granted appellees' motion for summary judgment and enjoined the Secretary from enforcement of 7 C.F.R. 271.3(c)(1). The Secretary then moved to vacate the injunction on the basis of amendments to the Food Stamp Act of 1977. This motion was denied. The Secretary appeals.

Under the Food Stamp Act certain low-income households are eligible to purchase food coupons at a price which is determined by the household's income. The Secretary is empowered to "prescribe the amounts of household income and other financial resources, including both liquid and nonliquid assets, to be used as criteria of eligibility." 7 U.S.C. § 2014(b) (1970 ed. Supp. V). Additionally, the Secretary "shall issue such regulations . . . as he deems necessary or appropriate for the effective and efficient administration of the food stamp program." 7 U.S.C. § 2013(c). Pursuant to this grant, the Secretary issued 7 C.F.R. 271.3(c)(1), which defines income to include:

"(f) Payments received from federally aided public assistance programs, or other assistance programs based on need;

(g) Payments received from Government sponsored programs such as Agriculture Stabilization and Conservation Service programs, the Work Incentive Program, or Manpower Training Program;"

The appellees received $30.00 per week from the CETA program which was established to provide job training and employment opportunities for the economically disadvantaged. The CETA statute provides that this weekly payment is to be "disregarded in determining the amount of public assistance payments under Federal or Federally assisted public assistance programs." 29 U.S.C. § 821(a) (1970 ed. Supp. III). The appellees argued, and the district court found, that food stamps were public assistance payments and that therefore the weekly CETA payment could not be considered in computing income which determines eligibility for food stamps.

Appellees urge the adoption of a "common parlance" definition of "public assistance" which would include food stamps, and a rejection of the definition as set forth under the regulations promulgated under the CETA statute. The regulation says:

> " 'Public assistance' shall mean supplemental income or money payments received pursuant to a state plan or approved under the Social Security Act, Title IV (Aid to Families with Dependent Children) or under the Social Security Act, Title XVI (Supplemental Security Income for the Aged, Blind and Disabled)." 29 C.F.R. 94.4 (tt) [now 29 C.F.R. 94.4 (ss)]

Food stamps clearly are not included within this definition. Therefore, the CETA statute does not authorize exclusion of the CETA payments from the consideration of income for food stamp purposes.

The dispositive case on this issue is *Knebel v. Hein*, 429 U.S. 288, 97 S.Ct. 549, 50 L.Ed.2d 485 (1977). A unanimous Court rejected a similar challenge to the Secretary's regulation on income for food stamp purposes. Transportation allowances under the Iowa Work and Training Program were held to be properly included as income in determining eligibility for food stamps. The Supreme Court found that the regulations were a valid exercise of the Secretary's authority. 429 U.S. at 294, 97 S.Ct. 549. The regulations were also upheld against an equal protection argument since their classification was reasonable. 429 U.S. at 296–97, 97 S.Ct. 549. And the regulations were not found to create a conclusive presumption. 429 U.S. at 297, 97 S.Ct. 549. The Supreme Court also rejected the argument raised by appellees here that the payments should not be considered since they do not increase food buying power. 429 U.S. at 295–96, 97 S.Ct. 549.

This court has followed the *Knebel v. Hein* decision in an analogous challenge to the Secretary's regulations. *Thomas v. Bergland*, 581 F.2d 749 (9th Cir., 1978). In that case, a challenge as to whether the Secretary could consider federal student loans as income for food stamp eligibility purposes was rejected.

Insofar as the definition of income was amended in 1977, it should be noted that the result reached under the amended law is the same as it is under the prior law. The House Committee on Agriculture expressly stated that the district court decision in the present case was *inconsistent* with the amended law. House Report No. 95–464, 95th Cong., 1st Sess. 28 (1977), *reprinted* in [1977] U.S.Code Cong. & Ad. News, p. 2005.

We find that food stamps are not "public assistance payments" as defined in the CETA statute and thus that there is no prohibition to the Secretary's inclusion of CETA payments in computing income for food stamp eligibility purposes.[1]

We have examined other contentions and find them to be without merit.

Judgment REVERSED and the injunction is DISSOLVED.

1. The Washington Supreme Court sitting en banc reached a conclusion contrary to our holding and that in *Thomas v. Bergland, supra*, in *Moses v. State of Washington et al.*, 581 P.2d 152, on July 6, 1978. With all due respect we disapprove that holding and do not follow it. We note that the Washington Supreme Court does not cite nor discuss the impact of *Knebel v. Hein, supra*, nor the 1977 Amendments to the Food Stamp Act. In reaching the conclusion contrary to ours the Washington Supreme Court placed strong reliance upon the decision of the United States District Court for the Western District of Washington, the same decision we reverse today.