Lester Scott, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Charles Waltz, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 5, 1979, before Judges ROGERS, DISALLE and MACPHAIL, sitting as a panel of three.

*Paul D. Welch,* with him *Virginia S. Criste,* and *Gregory Paulson,* for petitioners.

*Edward P. Carey,* Assistant Attorney General, for respondent.

PER CURIAM OPINION, May 4, 1979:

The narrow issue presented by this case is whether the Perry County Board of Assistance (CBA) committed agency error in denying the requests of Lester Scott and Charles Waltz (Petitioners) for a retroactive one-time grant for medical transportation costs.

The families of both Petitioners have been receiving Aid to Families with Dependent Children through the CBA—the Scotts since July 1975, and the Waltzes since November, 1974. Both families have had ongoing medical problems requiring them to travel substantial distances to receive medical treatment. As reflected by entries in their case history records, it is undisputed that the CBA was aware of the medical treatment being received by the several family members. Nevertheless, both Petitioners complain that they were not informed that they could apply for and

receive reimbursement for medical transportation expenses.

In 1977, both Petitioners became aware for the first time that transportation costs were reimbursable. Consequently, on May 10, 1977, Petitioner Scott requested allowances for the costs of medical transportation; Petitioner Waltz made a similar request on June 6, 1977. These requests were granted only for expenses covering the period thirty days prior thereto. Asserting that they were entitled to a one-time grant for medical transportation expenses from the date of their initial eligibility for assistance, both Petitioners submitted requests for a fair hearing. The two cases were consolidated, and the hearing was held on July 26, 1977. In the adjudication and order, dated August 29, 1977, the Hearing Officer denied both requests for retroactive medical transportation allowances. The instant appeals followed.

The regulations promulgated by the Department of Public Welfare state that it is the responsibility of the CBA to provide "information on the services and benefits available from the Department." 55 Pa. Code §121.3(a)(2)(iii); see *Travis v. Department of Public Welfare*, 2 Pa. Commonwealth Ct. 110, 277 A. 2d 171, *aff'd*, 445 Pa. 622, 284 A.2d 727 (1971). To implement this, the CBA, through its caseworkers, must discuss with the client "*in a meaningful way* the services and requirements of the agency." (Emphasis added.) 55 Pa. Code §125.24(b)(2). In addition, at the redetermination interview, which is held every six months, a review of any "special need items" must be made. 55 Pa. Code §133.23(a)(2)(ii)(E). A transportation allowance for necessary medical care is included as one of these special need items. 55 Pa. Code §175.23(b)(2).

In a case such as the instant one, where Petitioners are seeking a retroactive one-time grant beyond thir-

ty days from the date of the request, a finding of agency error is required before the Hearing Officer may authorize a retroactive payment. 55 Pa. Code §227.24(d)(1)(i)(C). The Hearing Officer found that because Petitioners were apprised of the availability of the medical transportation allowance through CBA newsletters which were mailed to them, no agency error had been committed. We disagree.

As previously noted, Petitioners told their caseworkers of their on-going health problems and regular medical trips, but the caseworkers did not inform them of the special need program reimbursing welfare recipients for the expenses of transportation for necessary medical care.[1] The newsletters referred to are sent to all welfare recipients on a quarterly basis and were first mailed out in April, 1976, long after Petitioners began receiving assistance through the CBA. Furthermore, these lengthy publications, containing information about the many programs and benefits available to recipients, made only brief reference to the availability of medical transportation allowances. The Hearing Examiner characterized the CBA as being merely "remiss" in failing to inform Petitioners of transportation expense allowances. We believe the omission rises to a more serious level. While we are not prepared to hold that the mailing of the newsletter does not satisfy the informational requirements of the regulations, we conclude that under the circumstances here, the agency did commit error. The record clearly shows that, on many occasions, the Petitioners complained to their caseworker regarding the high cost of the transportation they were required

---

[1] Petitioner Scott eventually found out about these allowances at a redetermination hearing nearly two years after his initial public assistance authorization. Petitioner Waltz was alerted of this program only after seeing a form for reimbursement of travel expenses on one of his visits to a local health center.

to incur in order to obtain medical treatment. Under the circumstances, it would have been a simple matter for the caseworkers to have informed Petitioners of their eligibility for special assistance at the time these complaints were voiced. We reverse.

Judge MacPhail dissents.

## Per Curiam Order

And Now, this 4th day of May, 1979, the order of the Department of Public Welfare Hearing Examiner, dated August 29, 1977, is hereby reversed, and the case is remanded to the Perry County Board of Assistance to compute benefits for Lester Scott and Charles Waltz in accordance with the opinion attached hereto.