Joyce L. Jones, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 4, 1980, before Judges Rogers, Blatt and Williams, Jr., sitting as a panel of three.

*Fred M. Stanczak,* with him, *George R. Price, Jr.,* and *Walter Perry,* for petitioner.

*Edward Carey,* Assistant Attorney General, with him, *Linda M. Gunn,* Assistant Attorney General, and of counsel *Byron Yatron,* for respondent.

OPINION BY JUDGE ROGERS, March 10, 1980:

Joyce L. Jones has appealed from order of the Pennsylvania Department of Public Welfare (DPW) affirming a decision of the Lycoming County Board of Assistance (CBA) increasing the amount that Ms. Jones must pay for food stamps. We affirm.

Ms. Jones, a public assistance recipient, is a student at Lycoming College. She receives various forms of student aid to enable her to meet her college expenses. One such form of aid is an $80 per semester college bookstore credit provided by the Bureau of Vocational Rehabilitation (BVR) for the 1978-79 school year. The bookstore credit is paid by BVR directly to the college bookstore and Ms. Jones does not receive any portion of the credit which remains unused at the end of the school term.

Ms. Jones is also a participant in the food stamp program, which was established under the Food Stamp Act of 1964, 7 U.S.C. §2011 et seq.[1] to assist low income families in maintaining a nutritionally adequate diet. DPW has the responsibility of administering the federal program in this Commonwealth (*see* 7 U.S.C. §2019(b)), including determining the eligibility of recipients and the amount of food stamps to be granted under uniform national income and resource standards set forth in the Act and federal regulations. *See* U.S.C. §§2014, 2019(b),(e)(1).

---

[1] The Food Stamp Act of 1964 was extensively amended by the Food Stamp Act of 1977, 7 U.S.C. §2011 et seq. (1978-79 Supp.).

In September 1978, CBA, pursuant to a redetermination of Ms. Jones' eligibility for food stamps, notified her that she would have to increase the amount paid by her to receive $100 worth of food stamps. This increase was based in part upon CBA's inclusion of Ms. Jones' college bookstore credit in her income. CBA considered the credit as income to Ms. Jones on the theory that it was a "vendor payment", which was defined in DPW's regulations as they were in September 1978, as

> [p]ayments in money, except for those for medical costs, made on behalf of the household by a person other than a member of the household. Such payments may be made by a private or government sources. To qualify as a vendor payment, there must be an identifiable payment on the household's behalf, the major benefit from which accrues to the household rather than the payer. If there is no identifiable payment or if the major benefit from such payment accrues to the payer and not the household, such benefits shall be considered income in-kind and not income to the household. (Formerly found at PAEM §3753.72210).[2]

See also 7 C.F.R. §271.3(c)(1)(i)(h) (1975) (Former regulation promulgated under the Food Stamp Act of 1964). As noted, DPW upheld CBA's decision.

Although Ms. Jones characterizes the college bookstore credit as an "in-kind grant", we do not understand her to argue that the credit is not a vendor pay-

---

[2] Ms. Jones and her daughter constituted the "household" for purposes of the food stamp program. See former DPW regulation found at PAEM §3752.41(A). Since a household is there defined as "[a] group of individuals who are living as one economic unit . . . sharing common cooking facilities", we are justified in viewing a payment made in Ms. Jones' behalf as equivalent to a payment made to the household.

ment.   Clearly it is under the above quoted regulation, for it is in the form of money paid by BVR, a source not a member of Ms. Jones' household, on behalf of and for the direct benefit of Ms. Jones and it is for an identifiable amount, $80 per semester.[3]

Ms. Jones does claim that consideration of the college bookstore credit as a vendor payment and therefore income is contrary to Section 2014(d) of the Food Stamp Act, 7 U.S.C. §2014(d), as amended by the Food Stamp Act of 1977, 7 U.S.C. §2014(d) (1978-79 Supp.).   This section of the Food Stamp Act of 1977 eliminated the concept of vendor payments as income. However, Section 1303(a) of the Food Stamp Act of 1977 (reprinted at note to 7 U.S.C. §2011 (1978-79 Supp.)), provides that provisions of the Food Stamp Act of 1964 which are relevant to regulations promulgated under that Act shall remain in effect until the regulations are revoked, superseded, amended or modified by regulations issued under the Food Stamp Act of 1977.   Since regulations were not promulgated under the 1977 Act until March 1, 1979, *see* 43 Fed. Reg. 47, 884, the present action, which was instituted in September of 1978, therefore proceeds under the Food Stamp Act of 1964 and its regulations, which allows the inclusion of vendor payments in determin-

---

[3] At oral argument, Ms. Jones directed our attention to *Lakeside v. Public Welfare Division*, 22 Or. App. 392, 539 P.2d 1132 (1975).   In *Lakeside*, the Oregon Court of Appeals held that vendor payments similar to those involved in this case were not considered income because 7 C.F.R. §271.3(c)(1)(ii)(c) (1975) (Former regulation promulgated under the Food Stamp Act of 1964) provided that income does not include "[a]ny gain or benefit which is not money."   However, the Oregon Court's opinion makes no mention of 7 C.F.R. §271.3(c)(1)(i)(h) (1975) (Former regulation promulgated under the Food Stamp Act of 1964), which explicitly requires that vendor payments be included as income, and it could well be that regulation was not brought to that court's attention.   We are not persuaded by that decision.

ing food stamp eligibility. 7 C.F.R. §271.3(c)(1)(i) (1975) (Former regulation promulgated under the Food Stamp Act of 1964). *See also Compton v. Tennessee Department of Public Welfare,* 532 F.2d 561 (6th Cir. 1976).

Mrs. Jones also contends that a household's purchasing power must be increased before funds such as her college bookstore credit can be considered as income for food stamp purposes. *See Dean v. Butz,* 428 F. Supp. 477 (D. Haw. 1977). The credit here meets this requirement, for it permits money which would be spent by Ms. Jones on college books and supplies to be spent on food.

Accordingly, we enter the following:

### ORDER

AND Now, this 10th day of March, 1980, the order of the Pennsylvania Department of Public Welfare denying the appeal of Joyce L. Jones from the determination of the Lycoming County Board of Assistance is affirmed.

President Judge BOWMAN did not participate in the decision in this case.