Mary Boyce et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 6, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Michelle R. Terry,* for petitioners.

*Mary Frances Grabowski,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 11, 1981:

Petitioners, Mary Boyce and fourteen other welfare recipients, appeal from a determination of the Department of Public Welfare (department) denying them retroactive one-time transportation allowance benefits.

Petitioners participate in the public assistance direct delivery program, which requires them to pick up their assistance checks at a local bank to which the department sends the checks. Participants who live more than six blocks from the bank are entitled to a transportation allowance for expenses incurred in picking up their checks. 55 Pa. Code §175.23(b)(3) (viii). At the inception of the program, the County Assistance Office (CAO) distributed to all participants and interest groups a brochure which explained the program and announced the availability of a transportation allowance for qualified applicants.

However, with the exception of two of the petitioners, the recipients did not request the allowance from the CAO; they filed these appeals in place of such requests.

The department has found petitioners eligible for ongoing transportation allowances, to be included in their future assistance checks, but has denied retro-

active allowances on the basis that Department of Welfare Regulation 227.24(d)(1) prohibits retroactive grants reaching back more than 30 days, in the absence of agency error. 55 Pa. Code §227.24(d)(1).

Petitioners contend that they are entitled to retroactive benefits because the department erred in not providing sufficient notice of the availability of the transportation allowance. The department concluded that the brochure, which petitioners had received at the outset, fulfilled the requirement that welfare recipients be advised of all available services and benefits. *Travis v. Department of Public Welfare,* 2 Pa. Commonwealth Ct. 110, 277 A.2d 171, *aff'd.* 445 Pa. 622, 284 A.2d 727 (1971).

Our scope of review is limited to determining whether the department's adjudication is supported by substantial evidence, was in accordance with law, and whether petitioners' constitutional rights were violated. *Carr v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 375, 412 A.2d 1127 (1980).

We find no infirmity on any of those grounds. The examiner had the discretion to evaluate the weight and credibility of all the evidence; having found that the CAO's practice was to distribute the brochure to all participants, and that the brochure effectively fulfilled the CAO's duty to provide information about the allowance, the examiner had no basis to conclude that the agency erred. *See Carr, supra.*

*Scott v. Department of Public Welfare,* 42 Pa. Commonwealth Ct. 421, 400 A.2d 1350 (1979), is distinguishable. In *Scott,* although the agency had mailed a lengthy newsletter to all welfare recipients which made a brief reference to the medical transportation allowance, we awarded retroactive transportation benefits to the petitioners on the ground that the agency had erred by failing to inform them further of the available assistance in response to their numerous

complaints to the agency about the high transportation costs they were incurring.

The circumstances present in the *Scott* case—the recipients' repeated complaints to caseworkers, coupled with caseworkers' knowledge of their ongoing health problems and regular medical trips—justified a finding of agency error.

Those circumstances are absent here. With the exception of the two petitioners who requested allowances, the CAO received no complaints, inquiries, or applications from petitioners.

Accordingly, we affirm.

### ORDER

AND Now, March 11, 1981, the order of the Department of Public Welfare, dated June 21, 1979, denying petitioners' appeal for retroactive transportation allowance benefits, is affirmed.