Geraldine Walker, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 4, 1981, before Judges MENCER, CRAIG and MacPHAIL, sitting as a panel of three.

*Lawrence Funsten,* with him *Christine Fallon* and *Lucinda A. Bush,* for petitioner.

*Jean E. Graybill,* for respondent.

OPINION BY JUDGE CRAIG, August 11, 1981:

Geraldine Walker (petitioner) seeks review of an order of the Department of Welfare (DPW) reducing her $41 monthly food stamp benefits because she was receiving a training allowance, under the Comprehensive Employment and Training Act (CETA), related to her enrollment in an associate degree program at Allegheny Community College.

A DPW hearing examiner concluded that the $118 monthly training allowance petitioner received under CETA should be considered income in calculating her food stamp eligibility, not excludable as a reimbursement for expenses associated with her school attendance.

The general rule, set forth at 55 Pa. Code §523.3, is that "[a]ll payments received by household members will be income for food stamp purposes, except for those specified in subsection (c) of this section. . . ."

Section 523.3(c)(2)(v) outlines as *excluded* from income:

Payments received from the Youth Incentive Entitlement Pilot Projects, the Youth Community Conservation and Improvement Projects, and the Youth Employment and Training Programs under the Youth Employment and Demonstration Project Act of 1977, *but not payments from the Young Adults Conservation Corps under that act nor any other payments under the Comprehensive Employment and Training Act.* (Emphasis added.)

Finally, Section 523.3(b)(1)(iii) specifically identifies as "Nonexcluded income":

*Training allowances*—Payments received from vocational and rehabilitative programs recognized by the Federal, State, or local governments, such as the Work Incentive Program and

programs authorized by the Comprehensive Employment and Training Act to the extent they are not a reimbursement.

Thus the question is whether the training allowance may be characterized as a "reimbursement" to the petitioner, exempt from inclusion as income under Section 523.3(b)(1)(iii).

The examiner concluded that the petitioner had "failed to establish or submit any personal verification or verification from the provider/grantor that the payments received by appellant were provided specifically for an identified expense or specifically earmarked for education expenses rather than for normal living expenses."

The petitioner contends that her monthly expenses to attend classes exceeded the CETA allowance; she claims monthly expenditures of $53.75 for lunches, $30.80 for transportation, $27.52 for clothing, $4.00 for supplies, and $2.60 for books not covered by her CETA education grant. The petitioner insists that the training allowance should be considered a flat reimbursement for these claimed "education-related" expenses.

The public assistance manual's definition of reimbursements excluded from income,[1] although detailed, does not resolve the issue.

---

[1] 55 Pa. Code §523.3(c)(7)(i) states:

(c) Excluded income. Income from certain sources will be excluded for Food Stamp purposes under mandate of law. . . . Only the following payments received by household members will not be considered income to the household:

. . . .

(7) Reimbursements for expenses. Reimbursement for past or future expenses, to the extent they do not exceed actual expenses, and do not represent a gain or benefit to the household. Reimbursements for normal household living expenses such as rent or mortgage, personal clothing, or food

More helpful, however, is the CETA legislation which provides that "a trainee receiving public assistance . . . shall receive an *incentive allowance* for each hour spent in training, not to exceed $30 per week." 29 U.S.C.A. §826 (emphasis added). The regulations to that section, found at 29 C.F.R. §95.34, reiterate that the allowance is paid "for time spent in classroom training." Subsection (g)(i) of that section, entitled "Incentive allowances for persons receiving public assistance or who are in institutions," provides that the basic $30 per week may be reduced "for absences without good cause."

Although subsection (g)(ii) stipulates that incentive allowances "shall be disregarded in determining the amount of public assistance payments individuals are entitled to receive under federal or federally as-

---

eaten at home are a gain or benefit and, therefore, are not excluded. To be excluded, these payments must be provided specifically for an identified expense, other than normal living expenses, and used for the purpose intended. When a reimbursement, including a flat allowance, covers multiple expenses, each expense does not have to be separately identified as long as none of the reimbursement covers normal living expenses. The amount by which a reimbursement exceeds the actual incurred expense shall be counted as income. However, reimbursements shall not be considered to exceed actual expenses, unless the provider or the household indicates the amount is excessive. Examples of excludable reimbursements which are not considered to be a gain or benefit to the household are:

(i) reimbursements or flat allowances for job-related or training-related expenses such as travel, per diem, uniforms, and transportation to and from the job or training site. Reimbursements which are provided over and above the basic wages for these expenses are excluded; however, these expenses, if not reimbursed, are not otherwise deductible. Reimbursements for the travel expenses incurred by migrant workers are also excluded.

sisted public assistance programs," a federal court has held that language does not prevent inclusion of the allowance as income for purposes of food stamp eligibility. *Siemens v. Bergland*, 591 F.2d 1263 (9th Cir. 1978).[2]

Hence, the CETA legislation indicates that the incentive allowance has no correlation to the expenses incurred while attending classes, but is solely dependent upon the number of hours spent in class and the primary qualification of receiving public assistance.

In a recent decision, *Andrechak v. O'Bannon*, C.A. No. 80-366D (U.S. District Court, W.D. Pa., April 8, 1980), the federal district court ruled on the same issue presented in this case, concluding that the incentive allowance is not a reimbursement, and that it should be considered in calculating a food stamp recipient's income. Although not strictly controlling, the analysis by the district court—analogous to our own—is compelling.

Moreover, the Pennsylvania regulations characterize as "income" many benefits received by prospective food stamp candidates which directly or indirectly increase their purchasing power.

The incentive allowance at issue unquestionably adds to the petitioner's purchasing power. Lunches, clothes and transportation costs, for which petitioner would be personally responsible, are satisfied with the money provided by CETA, thus allowing her to expend her remaining resources on other necessities—such as food. *See Jones v. Department of Public Welfare*, 50 Pa. Commonwealth Ct. 38, 412 A.2d 187 (1980).

---

[2] The court held that food stamps were not "public assistance" for purposes of the CETA mandate, based on the CETA regulation definition of "public assistance," found at 29 C.F.R. 94.4(55). "Thus," the court concluded, "there is no prohibition to the Secretary's inclusion of CETA payments in computing income for food stamp eligibility purposes." 591 F.2d at 1264.

Finding the hearing examiner's adjudication supported by substantial evidence and in accordance with the law, *Boyce et al. v. Department of Public Welfare,* 57 Pa. Commonwealth Ct. 415, 426 A.2d 241 (1981), we affirm the department's decision that the incentive allowance received by the petitioner was not a reimbursement, and thus is income for purposes of food stamp eligibility.

ORDER

AND Now, August 11, 1981, the order of the Department of Public Welfare, Office of Hearings and Appeals, dated May 28, 1980, affirming an adjudication in the above-captioned case by a hearing examiner for the Department of Public Welfare, dated May 22, 1980, is affirmed.