The Jewish Home of Eastern Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Office of Hearings and Appeals and Division of Nursing Home Audits of Bureau of Reimbursement Methods, Pennsylvania Department of Public Welfare, Respondents.

Argued June 4, 1984, before Judges WILLIAMS, JR., DOYLE and PALLADINO, sitting as a panel of three.

*Patrick J. Mellody, Beemer, Rinaldi, Fendrick & Mellody, P.C.*, for petitioner.

*Jeffrey Gonick*, Assistant Counsel, for respondents.

OPINION BY JUDGE PALLADINO, August 29, 1984:

The Jewish Home of Eastern Pennsylvania (Petitioner) appeals from an order of the Office of Hearings and Appeals (Office) of the Department of Pub-

lic Welfare (Department). The recommendation of an Attorney Examiner which advocated the dismissal of Petitioner's appeal was adopted in its entirety by the Office. For the reasons which follow, we affirm.

Petitioner's appeal stems from a 1979 Department decision to adjust the useful life of Petitioner's two-floor facility addition from thirty years to forty years. The addition was constructed in 1976 and augmented Petitioner's existing three-story structure resulting in a five-story building.

The 1976 addition is a masonry and steel framed, fire-resistant structure. Although Petitioner claimed a thirty year useful life for the addition on each cost report since 1976, the Department failed to adjust this figure until 1978, which subsequently was reflected in a reduced depreciation allowance for the years ending December 31, 1979 and December 31, 1980.

Thus, we must decide whether the Department properly adjusted the useful life of Petitioner's two-story addition from thirty years to forty years. Our scope of review in a Department decision is limited to determining whether the adjudication is supported by substantial evidence and is in accordance with the law, and whether any constitutional rights were violated. *Boyce v. Department of Public Welfare*, 57 Pa. Commonwealth Ct. 415, 426 A.2d 241 (1981).

In his recommendation the Attorney Examiner quotes from a Department manual entitled *Manual For Allowable Cost Reimbursement For Skilled Nursing and Intermediate Care Facilities*[1] (Manual).

---

[1] The language originally appeared in 8 Pa. B. 2832 (1978) and has since been codified at 55 Pa. Code §1181.259(e). The section initially suggested that the authorities cited should be used as guidelines in assigning a useful life to an asset, but the section has since been amended so that now the designated useful life may not be less than that prescribed by the Internal Revenue Service publications or the American Hospital Association's Uniform Chart of Accounts and Definitions for Hospitals.

The pertinent language follows:

> The useful life may be shorter than the physical life depending upon the usefulness of the particular asset to the provider. A useful life may not be less than the relevant useful life published by the Internal Revenue Service or the Uniform Chart of Accounts and Definitions for Hospitals published by the American Hospital Association for the particular asset on which the depreciation is claimed.[2]

The Internal Revenue Service no longer publishes specific useful life figures. However, the American Hospital Association's Uniform Chart of Accounts and Definitions for Hospitals (Chart) does contain estimated useful lives for various assets, but does not differentiate between free-standing buildings and additions to existing structures. The Attorney Examiner points out though, that in the case of ambiguity the Manual refers the reader to the Medicare Provider Reimbursement Manual contained in HIM 15.[3] Since Section 104.2 of HIM 15 considers a building as including its shell and any additions thereto, the Chart remains applicable.

---

[2] *Id.*

[3] 1 Medicare and Medicaid Guide (CCH) ¶4695. *See also Finley Hospital (Dubuque, Iowa) v. Blue Cross and Blue Shield Assoc./ Blue Cross of Iowa,* PRRB Hearing Dec. No. 84-D37, February 6, 1984, 1 Medicare and Medicaid Guide (CCH) ¶33,645. In a case with virtually identical facts the Provider Reimbursement Review Board (Board) was faced with a hospital which attempted to limit a building addition's useful life to the remaining useful life of the annexed structure (thirty-three years). The Board rejected this argument holding that the addition had a forty year useful life under the American Hospital Association's Chart of Accounts and Definitions for Hospitals, notwithstanding the fact that the original building would be fully depreciated when the addition still had a remaining useful life.

640

The Chart assigns a useful life of forty years to a masonry, steel frame, fireproofed structure. The Petitioner's two-story addition is rated as being fire-resistant. The Attorney Examiner found the addition more akin to being fireproofed than not, and therefore upheld the increased useful life adjustment.

Since there is substantial evidence to support the adjustment, we affirm the decision of the Office.

ORDER

AND Now, August 29, 1984, the decision of the Office of Hearings and Appeals of the Department of Public Welfare dated June 16, 1982, is hereby affirmed.