Carolyn A. Rodgers, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 11, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Richard A. Bruni,* with him *Arnold H. Cantor,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, September 12, 1979:

This is an appeal of right from that part of a fair-hearing decision of the Department of Public Wel-

fare (DPW) affirming the decision of the Westmoreland County Board of Assistance denying the request of Carolyn A. Rodgers (petitioner) for a one-time grant of $66 (clothing and a registration fee for attendance at the Pittsburgh Beauty Academy) because the request was made 8 days after petitioner began training to become a beautician.

The DPW decision was based on the rationale that, since petitioner had commenced her training during the week previous to her request for the $66 grant, the items to be covered by the grant were not at the time of the request needed and to deny them was in accordance with Public Assistance Eligibility Manual §175.23(c)(2), 55 Pa. Code §175.23(c)(2). This regulation, in pertinent part, reads as follows:

(c) *Grants to decrease need for assistance.* Grants to decrease need for assistance will conform with the following:

. . . .

(2) *Nonrecurring one-time grant.* A nonrecurring one-time grant may be authorized for an allowance to meet the actual minimum cost, subject to the specified maximum allowances, for any of the following items provided an individual shows that these items are needed in order to apply for or to accept employment or training which will result in decreasing or preventing his need for assistance. The individual must provide proof that he has an offer of a job, referral to a job or training program, or that he has been scheduled for admission to an examination, such as a Civil Service test or high school equivalency test. The eligible items are as follows:

(i) Clothing subject to a maximum of $75 will include the following:

. . . .

(B) Uniforms or special clothes such as white hose, shoes, slip, trousers, jacket or shirt, hair net, work shoes, trousers, or shirt. This provision will not apply to WIN.

. . . .

(vii) Registration or enrollment fee for a training course.

As we have noted, DPW simply concluded that, since petitioner had already begun a training program, the $66 requested was not for items then "needed in order to apply for or accept employment or training."

We are of the view that this interpretation by DPW of its regulation was far too narrow and restrictive. The three items in question here, one pair of shoes, a Beauty Academy uniform, and an enrollment fee are all "needed in order to apply for or accept . . . training." DPW does not seriously contend that these items would not have been reimbursed to petitioner if she had requested payment before commencing her training because they were items "needed" to acquire such training. It was the lateness of the request that resulted in the denial by DPW and not that the items were not needed to apply for or accept the training. However, although the request followed the start of the training, the items for which payment is sought were nevertheless acquired because they were "needed in order to apply for or accept . . . training."

Following a review of the record and a careful reading of the challenged regulation, our conclusion is simply that the items in question were needed or prerequisite to the application for or acceptance of training and, once having attained that status, the cost of such items was, in the wording of the regulation itself, subject to a "nonrecurring one-time grant."

The hearing examiner found that "[t]here was no evidence presented at the hearing to show that the training chosen by the [petitioner] is unrealistic or will not lead to gainful employment." Thus, it was implicitly determined in the instant case that petitioner's training was realistic and could potentially reduce her need for public assistance benefits in the future and aid her in becoming self-dependent.[1] We think such a result is in accord with the general objectives of DPW and that our interpretation of the regulation in question is likewise consonant therewith.

Accordingly,[2] we make the following

### ORDER

AND Now, this 12th day of September, 1979, the order of the Department of Public Welfare, dated June 2, 1978, is reversed relative to the denial to Carolyn A. Rodgers of a nonrecurring one-time grant, in the amount of $66, all other portions of said order are affirmed, and we remand to the Department of Public Welfare to permit it to direct the Westmoreland County Board of Assistance to authorize a nonrecurring one-time grant of $66 to Carolyn A. Rodgers.

---

[1] We would stress that DPW did not deny the grant to the petitioner in the instant case on the ground that prior approval by DPW was a requisite to receiving the grant. Such a requirement would insure that DPW is aware of the assistance recipient's plans and would enable DPW to work with the recipient to assure that such plans are realistic. Such a limitation on special needs grants would tend to prevent possible abuses.

[2] Our resolution of this case favorable to petitioner as a result of our interpretation of the DPW regulation in question makes it unnecessary to address petitioner's assertions that DPW's decision was not supported by substantial evidence and that her right to equal protection of the law has been violated.