## Cecilia Chase, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 8, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Richard S. Packel*, for petitioner.

*Linda M. Gunn*, Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 2, 1979:

Cecilia Chase (claimant) appeals a denial by the Department of Public Welfare (department) of a one-time grant to cover the costs of supplies and clothing required by her daughter to participate in an approved cosmetology course.

The hearing examiner, reversing the county board's decision, authorized the one-time grant and determined that the course and the course-required items (uniforms, shoes, textbooks and an implement kit) would decrease the daughter's need for public assistance within the framework and purpose of DPW-Pa. Manual §175.23(c)(2).

The executive director of the hearing and appeals unit reversed the award of the grant because, although the course started in September, 1977, the grant request for materials was not made until October 15, 1977; the pertinent regulation authorizes a grant to cover the cost of items "which are needed in order for a client to apply for or accept employment or training. . . ." DPW-Pa. Manual §175.23(c)(2).

The department's contention is that, because claimant applied for the grant after the course was underway, the items were not needed "to apply for or accept" training.

However, the record supports claimant's position that, to participate in the course and receive credit hours towards course completion and certification, the items were required.

The department's narrow interpretation of the regulation would contravene its purpose.

Section 403 of the Public Welfare Code[1] (code) enables the department to establish eligibility rules and regulations consistent with the law. The code's purpose provisions, set forth in Section 401, 62 P.S. §401, include the statement that the administration of assistance is to be made in such a way as to "encourage self-respect, self-dependency and the desire to be a good citizen and useful to society."

In this framework, the department has made provision for one-time grants of an allowance to meet

[1] Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §403.

costs for specific items to be used to apply for or to accept training which "will result in decreasing or preventing" the need for assistance. DPW-Pa. Manual §175.23(c)(2).

Although the phrase "to apply for . . . training" may well refer to the time period before the course begins, the additional words "to . . . accept . . . training" would constitute a meaningless redundancy unless "accept" is viewed as synonymous with "receive" and seen as not vested with critical chronological significance.

The time at which claimant applied for the grant does not provide any support for a finding that the materials were not needed to accept or receive the training.

It may well be administratively desirable to prevent tardy requests by stating a time requirement and disqualifying any applications filed thereafter; if so, the regulation can be amended to state an application time requirement.

We therefore reverse the department's final order denying claimant the grant and remand to the department for a determination of the amount of allowance.

## ORDER

AND Now, this 2nd day of October, 1979, the order of the Department of Public Welfare, dated March 7, 1978, denying Cecilia Chase a one-time non-recurring grant, is reversed and the case is remanded for payment of the grant after verification of costs.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

"The meaning to be given to terms of art in an agency regulation is particularly within the competence of that agency . . . ," *State Dental Council and Examining Board v. Pollock*, 457 Pa. 264, 276, 318 A. 2d 910, 917 (1974). The majority, in interpreting the

regulation prerequisite for a one-time grant, ignores this well-settled principle of law and the principal meaning of the statute. The regulation authorizes a grant to cover items which are needed in order for a claimant to apply for or accept employment or training, 55 Pa. Code §175.23(c)(2). The Department denied benefits because the claimant applied for the grant after the course was underway and this is clearly consistent with the regulation. In addition, as the majority recognizes, it may well be administratively desirable to prevent tardy requests.

For these reasons, I would affirm the Department's final order.