Erma Bennett for Nancy Bennett, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 15, 1979, before Judges CRUM-LISH, JR., DiSALLE and CRAIG, sitting as a panel of three.

*Stewart A. Cilo,* for petitioner.

*Catherine Steward,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, February 4, 1980:

Petitioners Erma Bennett and Nancy Bennett appeal from the Department of Public Welfare's affirmance of the decision of the Columbia County

Board of Assistance (CBA), which determined that they constituted one household, and, as such, were ineligible for food stamps by reason of their combined resources.

The only question presented is whether substantial evidence supports the CBA's determination that petitioners constituted one household within the pertinent regulations, [1] and whether that determination is otherwise in accordance with the law.[2]

Petitioner Nancy Bennett is 32 years old, seriously disabled, and receives social security and supplemen-

---

[1] Household is defined in federal regulations, at 7 C.F.R. §270.2 (jj) [1978], as meaning:

[A] group of persons . . . who are living as one economic unit sharing common cooking facilities and for whom food is customarily purchased in common: . . . For the purpose of this definition, the term 'economic unit' means a group of individuals for whom food is customarily purchased and stored in common for use by all members of the group and for whom common living costs (such as, but not limited to, shelter costs) are customarily being met from the income and/or resources available to an individual within the group. Sharing by a group of individuals of common living quarters and even common shelter costs does not necessarily cause the group to be considered an economic unit. However, such sharing along with the purchasing of food in common, are factors which strongly indicate that the common living costs are shared by the group. Therefore, if any member or members, of the group wish to be considered as separate economic units, they are responsible for establishing that they do constitute separate economic units.

Substantially similar provisions now appear at [1979] 7 C.F.R. §273.1.

[2] Our scope of review of a DPW adjudication is limited to a determination as to whether or not it was supported by substantial evidence, and was in accordance with the law and as to whether or not the petitioner's constitutional rights were violated. *Dragan v. Department of Public Welfare*, 39 Pa. Commonwealth Ct. 599, at 601, 396 A.2d 77, at 79 (1979).

tal security income benefits through the account of her deceased father. She resides with her mother, Erma Bennett, who receives social security benefits in her own right and as representative payee of Nancy's benefits.

The record reveals that, because of Nancy's disability, she is functionally dependent on Mrs. Bennett. Mrs. Bennett deposits her daughter's benefits, along with her own, in a joint checking account from which she pays all household expenses. Mrs. Bennett does all the purchasing and preparation of food for herself and her daughter, because Nancy is unable to perform these tasks herself.

Petitioners argue (1) that they are not a single economic unit because they have separate sources of income, and (2) that they constitute separate households because of differences in medically prescribed diets, and because any commonality of purchasing and preparation of food is due only to Nancy's disability.

We cannot agree. Separate income sources, in themselves, do not negate economic unity when there are, as here, sound findings as to sharing. Disparate diets are obviously not inconsistent with common food puchasing and cooking facilities. The CBA's finding that Mrs. Bennett prepares the food for both is a finding which necessarily imports that cooking is in common.

The record amply supports the adopted conclusion, and we will therefore affirm.

## ORDER

AND Now, this 4th day of February, 1980, the September 11, 1978 order of the Department of Public Welfare is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.