Woodrow Carr, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 8, 1980, before Judges ROGERS, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Michael H. Kaliner,* with him *Dianne Upson,* for petitioner.

*Catherine Stewart,* Assistant Attorney General, with her *Linda Gunn,* Assistant Attorney General, for respondent.

Opinion by Judge Williams, Jr., April 9, 1980:

The petitioner, Woodrow Carr, appeals from the determination of the Department of Public Welfare that he was not entitled to a medical transportation allowance for a retroactive period in excess of 30 days.

In August, 1978, the petitioner and his wife were authorized to receive General Assistance. Beginning on October 9, 1978, Mr. Carr began taking his wife to a hospital in Lancaster, Pennsylvania for physical therapy treatments. This entailed a round-trip of about 64 miles from the Carr home in Cochranville, Chester County. On November 30, 1978, during a conversation with his caseworker, the subject of the travel costs was brought up; and the caseworker told Mr. Carr that he could obtain a medical transportation allowance.

On December 7, 1978, the petitioner was granted an on-going medical transportation allowance, to take effect December 27, 1978. The petitioner was also given a one-time grant to retroactively reimburse him for transportation costs incurred during the period from November 8, 1978 through December 26, 1978, that is, from a date 30 days before the grant. Mr. Carr asserted that his retroactive allowance should have gone back to October 9, 1978, when he started taking his wife to Lancaster, but was advised that Welfare Regulation 227.24(d)(1) prohibited retroactive grants to extend beyond a period of 30 days *in the absence* of agency error. 55 Pa. Code §227.24(d)(1).

Mr. Carr contended that agency error had been committed in that the County Assistance Office had not, at the time of his initial interview, informed him of the availability of the medical transportation allowance, as the law requires. On January 18, 1979, Mr. Carr was given a hearing before an Examiner for the Department of Welfare. As a result of the hearing, the Examiner concluded that no agency error had been

shown, and entered an adjudication that the retroactive payment sought was precluded by 55 Pa. Code §227.24(d)(1).

It is true that the law requires that welfare recipients be advised of all services and benefits. *Travis v. Department of Public Welfare*, 2 Pa. Commonwealth Ct. 110, 277 A.2d 171, *aff'd*. 445 Pa. 622, 284 A.2d 727 (1971). That point is conceded by the respondents and is not the issue here. What is in issue is whether the County Assistance failed to perform that obligation at the time of the initial interview. The only evidence on that issue was the testimony of Mr. Carr, who said that he was not advised of the allowance until November 30, 1978, and the testimony of the caseworker, who could not remember but stated that it was standard operating procedure to advise recipients of all services and benefits at the time of their application.

The weight and credibility of Mr. Carr's testimony was for the Hearing Examiner to determine. The Examiner had the power to accept or reject that testimony, and having rejected that testimony was left with no basis for finding agency error. The scope of review of the Commonwealth Court of an adjudication of the Department of Public Welfare is limited to determining whether the Department's adjudication was supported by substantial evidence, was in accordance with law, and whether petitioner's constitutional rights were violated. *Dragan v. Department of Public Welfare*, 39 Pa. Commonwealth Ct. 599, 396 A.2d 77 (1979). Finding no infirmity on any of those grounds, this Court's review is at an end.

Accordingly, we enter the following

## ORDER

AND Now, this 9th day of April, 1980, the adjudication of the Department of Public Welfare in the above-captioned matter is hereby affirmed.

President Judge Bowman did not participate in the decision in this case.