Karen A. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 18, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*George R. Price, Jr.,* for petitioner.

*Stanley Slipkoff,* with him *Phillip B. Rosenthal,* Assistant Counsel, and *Mary Frances Grabowski,* Assistant Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, June 8, 1983:

Karen A. Miller (petitioner) appeals from the Department of Public Welfare's (DPW) affirmance of the decision of the Lycoming County Board of Assistance (LCBA). The LCBA determined that the petitioner's food stamp benefits and public assistance grant be reduced.

On December 22, 1980, the petitioner applied for food stamps for a three person household, consisting of herself, Stephen Roy, and one child, Renee Roy. Four days after the application, the petitioner gave birth to her second child, Little Bird of the Snow. Stephen Roy is the father of both of petitioner's children and is legally responsible, pursuant to a court order, to provide $25.00 a week for both of the children. The LCBA authorized a food stamps grant for a four person household in the amount of $179.00 per month, effective January, 1981.

When the LCBA initially authorized food stamps for four persons, the household income consisted of solely public assistance grants; both the petitioner and Stephen Roy were receiving public assistance grants.[1] However, in February, 1981, Mr. Roy began

---

[1] DPW's written adjudication does not clearly express whether the petitioner's "public assistance" was under the federally-funded AFDC program or under the state's own General Assistance program. However, our study of the record testimony and documents leaves us with a conclusion that the petitioner was receiving AFDC benefits. Our review of cases such as this would be greatly facilitated if DPW would set forth precisely, on the face of its adjudication, what type of benefits are at issue, instead of simply calling them "public assistance."

receiving unemployment compensation benefits. This change in circumstances led to the discontinuance of his public assistance grant, and a reduction in the petitioner's food stamp benefits. On February 9, 1981, the LCBA recomputed the petitioner's food stamp benefits, and issued a notice proposing to reduce food stamps effective March 1, 1981, to $52.00 per month. On February 19, 1981, the petitioner filed a timely appeal to DPW. On March 11, 1981, as a further consequence of Mr. Roy's receipt of unemployment compensation benefits, the LCBA further proposed to reduce the petitioner's public assistance grant by issuing a form notice PA-162A-41 pursuant to 55 Pa. Code §183.44. The LCBA thereby notified the petitioner that her newly born daughter would be removed from her public assistance grant, and that the petitioner would be transferred to the state's General Assistance program. On March 23, 1981, the petitioner filed an appeal from that decision. Both of petitioner's appeals were consolidated before DPW's Bureau of Hearings and Appeals.

On April 16, 1981, a hearing on both matters was held. On May 7, 1981, an adjudication and order were entered denying petitioner's appeals on both matters. A Final Administrative Action Order was entered by the Director of the Office of Hearings and Appeals on May 11, 1981. On May 21, 1981, the petitioner made a request for reconsideration. However, a final order denying the petitioner's challenge to both of the reductions was entered on June 5, 1981. There followed the instant appeal to our Court.

In an appeal from an adjudication of the Department of Public Welfare, we must limit our focus to determining whether DPW's adjudication is supported by substantial evidence, is in accordance with the law, and whether the petitioner's constitutional rights were violated. *Carr v. Department of Public*

*Welfare,* 50 Pa. Commonwealth Ct. 375, 412 A.2d 1126 (1980).

In regard to the petitioner's challenge to the reduction in her food stamp grant she contends that two food stamp households exist, and that therefore the reduction of her food stamp grant was unwarranted. She asserts that the LCBA failed to consider whether petitioner and one child constituted a separate food stamp household. The petitioner also asserts that LCBA should have made a determination under 55 Pa. Code §505.2(ii) rather than under subsection (iv). Subsection (ii) provides that a household consists of one person living with others, but who buys and prepares their meals separate and apart from the other residents. Subsection (iv) states that a household consists of "a group of individuals living together and customarily purchasing food and preparing meals together for whom food is customarily purchased in common and for whom meals are prepared together for home consumption."

More specifically, the petitioner argues that she and one child receive public assistance separate from the father and other child, and that the father purchased and prepared meals for himself and one child separate from the petitioner and the other child. The petitioner testified that she and Mr. Roy eat together occasionally, but that most of the time they do not because they like different foods. This testimony, even when coupled with the fact that the petitioner and the father of her two children have different sources of income, does not warrant the finding of two separate households. This Court has held that separate sources of income and disparate diets do not negate the fact that one common household exists. *Bennett v. Department of Public Welfare,* 49 Pa. Commonwealth Ct. 198, 410 A.2d 953 (1980). Furthermore, after a careful review of the record, we conclude that LCBA's deter-

mination that petitioner, her two children, and Stephen Roy constituted one household is supported by substantial evidence.

However, notwithstanding its determination that one household existed for the purpose of the food stamp grant, DPW had recognized two separate public assistance units in the household. As we stated above, when DPW received notice of Mr. Roy's receipt of unemployment compensation, his public assistance grant for himself and Renee was terminated. Subsequently, the petitioner's separate public assistance grant was reduced by removing Little Bird of the Snow from the petitioner's grant and transferring the petitioner to the state's general assistance program.

In her appeal to this Court from the reduction of her public assistance benefits, the petitioner argues that the LCBA fallaciously presumed that Mr. Roy's unemployment compensation was available to her for support of their children. She contends that the method of calculating available income pursuant to the formula set down in 55 Pa. Code §183.44 creates an unconstitutional irrebuttable presumption. The petitioner believes that the LCBA failed to recognize her right to rebut the presumption of the availability of income.

55 Pa. Code §183.44 represents DPW.'s effort to incorporate into state regulations the federal eligibility requirements set down in sections 406 and 407 of the Social Security Act.[2] Our State Supreme Court recently held that the provisions of the Social Security Act which establish only two categories of dependent children eligible for AFDC assistance are constitutional.[3] *Department of Public Welfare v. Moly-*

[2] 42 U.S.C. §§301-1397.

[3] Pursuant to Sections 406 and 407 of the Social Security Act, two categories of dependent children are eligible for AFDC funds:

*neaux*, 498 Pa. 192, 445 A.2d 730 (1982). The court rejected the application of the "irrebuttable presumption" doctrine, and applied the analysis employed by the United States Supreme Court when it upheld similar federal statutory categories to be valid exercises of legislative responsibility. Further, the Court in *Molyneaux, supra,* concluded that the provisions of 55 Pa. Code §183.44 are in conformity with the federal act and do not violate the due process requirements of the Fourteenth Amendment of the United States Constitution.

Accordingly, we affirm the decision of the Department of Public Welfare.

### ORDER

AND Now, the 8th day of June, 1983, the adjudication and final order of the Department of Public Welfare, dated May 7, 1981, is hereby affirmed.

---

(1) children under the age of eighteen who have been deprived of parental support or care by reason of the death, continued absence from home, or physical or mental incapacity of one parent and who are living with another parent or relative and (2) children under eighteen who have been deprived of parental support or care by reason of the unemployment . . . of a parent and who are living with any of the relations specified in the preceding section.