Sharon R. Owens, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 9, 1983, to Judges ROGERS, BLATT and DOYLE, sitting as a panel of three.

*Thomas F. Meister,* for petitioner.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, July 18, 1983:

This is an appeal by Sharon R. Owens of an order of the Secretary of the Department of Public Welfare (Department) which denied her a special one-time grant to purchase an automobile. We affirm.

Sharon R. Owens was receiving public assistance in the amount of $318.00 per month for herself and her four year old twins. In September of 1981, Owens secured a job in a department store and sought a grant to purchase an automobile under Department regulations[1] in order to transport her twins to a day care center and herself to work. At the time of the request, Owens owned and operated a 1967 Plymouth.

The York County Assistance Office denied Owens' request and she appealed. A hearing was conducted and on December 8, 1981, the hearing officer affirmed the denial of the grant. On December 18, 1981, the Director of the Office of Hearings and Appeals af-

---

[1] 55 Pa. Code §175.23(c)(2).

firmed the hearing officer's determination and Owens filed a request for reconsideration with the Secretary. On January 29, 1982, the Secretary affirmed the decision of the Director. Appeal to this Court followed.

Department regulations restrict the availability of special grants to individuals who demonstrate need for the allowance. 55 Pa. Code §175.23(c)(2) provides, in pertinent part:

> A nonrecurring one-time grant may be authorized for an allowance to meet the actual minimum cost, subject to the specified maximum allowances for any of the following items *provided an individual shows that these items are needed* in order to apply for or accept employment or training[2] which will result in decreasing or preventing his need for assistance.
> ....
> (iv) ... [A] down payment on [an] automobile, subject to a maximum of $200 plus the cost of state inspection fee, automobile license plates, and driver's license if there is no other means of transportation to a job or training.... (Emphasis added.)

The hearing officer concluded that Owens had failed to demonstrate a need for the car allowance, finding that the 1967 Plymouth was inspected and

---

[2] This Court has repeatedly held that nonrecurring one-time grants under 55 Pa. Code §175.23(c)(2) must also be available to individuals who are already employed but demonstrate a need for the allowance in order to continue in their employment and thus avoid needing public assistance. *See e.g. Woody v. Department of Public Welfare*, 66 Pa. Commonwealth Ct. 629, 445 A.2d 864 (1982); *Bittner v. Department of Public Welfare*, 50 Pa. Commonwealth Ct. 396, 413 A.2d 20 (1980); *Chase v. Department of Public Welfare*, 46 Pa. Commonwealth Ct. 308, 406 A.2d 261 (1979); *Rodgers v. Department of Public Welfare*, 45 Pa. Commonwealth Ct. 574, 405 A.2d 1068 (1979).

operable.[3] Owens argues that this finding, and hence the conclusion, are not supported by substantial evidence in the record.[4]

At the hearing, Owens testified that although the 1967 Plymouth had an inspection sticker valid until October 31, 1981, the car's transmission sometimes slipped and she considered it dangerous to drive. She presented a written estimate dated October 2, 1981

---

[3] The York County Assistance Office had denied the grant because Owens had failed to explore the use of bus service to meet her transportation needs. At the hearing it became clear that the local bus service was not a viable alternative because it would require Owens to walk the four year old twins about a half mile to the day care center, and would require her to leave work before her scheduled quitting time in order to pick the twins up before the day care center closed. The County Assistance Office conceded at the hearing that bus transportation was unacceptable.

The order of the Director of the Office of Hearings and Appeals found additional ground to deny Owens' request for an automobile grant because the request was made after Owens had begun working in the department store. The order stated that the Department opted not to change its interpretation of the "apply for or accept" restriction in the regulations, notwithstanding the continued contrary interpretation by this Court. *See* note 2 *supra*. The rationale offered was that none of our cases presented the issue in a class action.

Currently, there is a class action pending in federal court which challenges the Department's "apply for or accept" restriction and the Department finds it prudent now to await the outcome of that case before considering any change in its regulation. In its brief to this Court, however, the Department concedes that until a decision is reached in federal court, *Woody, Bittner, Chase*, and *Rodgers* control the case *sub judice* and Sharon Owens could not be denied the automobile grant simply because she accepted employment and began working before formally requesting the grant.

[4] Our review of adjudications of the Department of Public Welfare is limited to determining whether the adjudication was supported by substantial evidence, was in accordance with law, and whether constitutional rights were violated. *Dragan v. Department of Public Welfare*, 39 Pa. Commonwealth Ct. 599, 396 A.2d 77 (1979).

which indicated that it would cost between $300 and $499 to overhaul the transmission. Owens testified that rather than spend the money on the older car she secured a loan and purchased a 1976 Pacer. No evidence controverting Owens' testimony regarding the condition of the Plymouth was introduced. Owens contends that the lack of evidence disputing her testimony compels a conclusion that she demonstrated need for the allowance. We disagree.

In cases of this sort, the weight of the evidence and the credibility of the testimony are for the hearing examiner to determine. *Carr v. Department of Public Welfare*, 50 Pa. Commonwealth Ct. 375, 412 A.2d 1126 (1980). The hearing officer could therefore reject Owens' testimony as not credible and conclude that she had failed to show a need for the automobile grant. *See id.* The record does support the hearing officer's finding that the Plymouth was validly inspected and was being operated at the time Owens sought the grant. In fact, the record indicates that Owens did not seek to determine the cost of repairing the allegedly defective transmission in the Plymouth until after the request for a new car grant had been denied.

We find the adjudication of the hearing officer, affirmed by the Secretary, to be supported by substantial evidence.

ORDER

Now July 18, 1983, the order of the Secretary of the Department of Public Welfare in the above referenced matter, dated January 29, 1982, is hereby affirmed.