Jeffrey S. Bittner, D. O., Petitioner *v.* Commonwealth of Pennsylvania Department of Public Welfare, Respondent.

Submitted on briefs February 3, 1984, to Judges MACPHAIL, DOYLE and BLATT, sitting as a panel of three.

*Jonathan Wheeler, Gallagher, Wheeler, Reilly and LaChat,* for petitioner.

*Bruce G. Baron,* Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, March 29, 1984:

The petitioner, Jeffrey Bittner, D.O., appeals here an order of the Department of Public Welfare (Department) which held that his answer to an Order to Show Cause was not filed timely, that his participation in the Medical Assistance Program was termi-

nated and that he should reimburse the Department in the amount of $252,368.41. He is a physician who provided medical services for the Department's Medical Assistance Program. The Department, furthermore, contends that this appeal should be quashed.[1]

On March 3, 1982, the petitioner received an Order to Show Cause from the Department requiring him to respond with an answer indicating why his participation in the Program should not be terminated and the aforementioned sum assessed against him. On May 10, 1982, the Department ruled that his answer, which the Department claimed to have received on March 19, 1982, was filed untimely. He was ordered to pay the sum noted, and the instant appeal ensued.

The question presented for our review[2] is whether or not the petitioner's answer was filed timely pursuant to 1 Pa. Code §31.11, which provides as follows:

> Pleadings, submittals, or other documents required or permitted to be filed under this part, the regulations of the agency or any other provision of law must be received for filing at the office of the agency within the time limits, if any, for such filing. *The date of receipt at the office of the agency and not the date of deposit in the mails is determinative.* (Emphasis added.)

Although the Department contends that it was not in receipt of the answer to the Order to Show Cause until March 19, 1982, more than fifteen days from the

---

[1] The motion to quash was consolidated for disposition with the petition for review by an order from Judge ROGERS dated July 21, 1982.

[2] Our scope of review, of course, is to determine whether or not the adjudication was supported by substantial evidence, it was in accordance with the law, or constitutional rights were violated. *Dragan v. Department of Public Welfare*, 39 Pa. Commonwealth Ct. 599, 396 A.2d 77 (1979).

238

date of service, which was on March 3, 1982, and that the answer was therefore filed untimely, our review of the record, however, persuades us to reach a contrary conclusion.

In a cover letter from counsel for the petitioner, which was affixed to the answer to the Order to Show Cause and dated March 16, 1982, at the top of the page, in the center, in bold-faced print, the following information appears: "Received Harrisburg Office March 18 10:45 AM '82 Dept. of Public Welfare Office of Hearings and Appeals". Inasmuch as the petitioner had fifteen days to answer, and his time began to run on March 3, 1984, the Departmental receipt stamp was clearly dated March 18, 1982 and this was within the proper filing time. And nothing else in the record provides any evidence to the contrary.

The Department contends that this appeal should be quashed pursuant to Pa. R.A.P. 1972(5). Specifically, they contend that petitioner has appealed the wrong final order because he appealed the original order by the Department which, *inter alia*, terminated his participation in the Medical Assistance Program (Order dated May 10, 1982) and not the order from the Department which denied his petition for reconsideration of that order (Order dated June 8, 1982). Inasmuch as the original order by the Department clearly indicates that appeals may be taken to our Court within thirty days, we find no merit to the Department's argument and, therefore, deny the motion.

We will, therefore, reverse and remand for proceedings consistent with the result of this opinion.

ORDER

AND Now, this motion to quash filed by the Department of Public Welfare in the above-captioned matter is hereby denied.

And Now, this 29th day of March, 1984, the order of the Department of Public Welfare in the above-captioned matter is hereby reversed and remanded for proceedings consistent with this opinion. Jurisdiction relinquished.