Anna M. Pelton and Nancy Boudman, on behalf of themselves and all those similarly situated, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 8, 1985, before President Judge CRUM-
LISH, JR., and Judges ROGERS, CRAIG, MACPHAIL, DOYLE,
BARRY and PALLADINO.

*Frederick M. Stanczak*, Director of Litigation, with
him, *Jonathan E. Butterfield* and *Lenore M. Urbano*,
for petitioners.

*Jason W. Manne*, Assistant Counsel, for respond-
ent.

OPINION BY JUDGE MACPHAIL, October 8, 1985:

This case was commenced in this Court by a Peti-
tion for Review addressed to both our appellate and
original jurisdiction.[1] The matter was subsequently
removed to the United States District Court for the
Middle District of Pennsylvania on petition of the
Department of Public Welfare (DPW). That court
granted the motion of Anna Pelton and Nancy Boud-

---

[1] *See* 42 Pa. C. S. §§761 and 763. Count 3 of the Petition
requests declaratory judgment and injunctive relief.

man (Petitioners) for class certification and entered an order upholding DPW's position that its interpretation of the regulation found at 55 Pa. Code §175.23(c)(2)(iv)[2] was consistent with the federal statutory and regulatory scheme. The federal court then remanded the case to this Court for consideration of the state law aspects of the case.[3] The parties have filed a stipulation in this Court whereby they request us to enter an order on their cross-motions for summary judgment filed in both the original and appellate aspects of the Petition for Review pursuant to the provisions of Pa. R.A.P. 1532(b). This Rule authorizes us to grant summary relief in either or both matters where the right of the applicant is clear.

---

[2] The regulation states in pertinent part:

(2) *Nonrecurring one-time grant.* A nonrecurring one-time grant may be authorized for an allowance to meet the actual minimum cost, subject to the specified maximum allowances, for any of the following items provided an individual shows that these items are needed in order to *apply for or to accept* employment or training which will result in decreasing or preventing his need for assistance. The individual must provide proof that he has an offer of a job, referral to a job or training program, or that he has been scheduled for admission to an examination, such as a Civil Service test or high school equivalency test. The eligible items are as follows:

. . . .

(iv) only the actual cost of repairs on the automobile of the client, not applying to WIN, the actual cost of an automobile, a down payment on automobile, subject to a maximum of $200 plus the cost of state inspection fee, automobile license plates, and driver's license if there is no other means of transportation to a job or training or the job requires the use of an automobile. (Emphasis added.)

[3] The federal court retained jurisdiction over the federal issues it had not decided which are: (1) whether the single state agency clause in 42 U.S.C. §602(a)(3) limits state court power over state welfare agencies, as DPW contends and (2) whether DPW's interpretation of its regulation violated Petitioners' equal protection rights. Those matters were referred to a federal magistrate.

Petitioner Anna M. Pelton, at the time of her application for the one-time grant, was employed as a teacher's aide and had enrolled at Williamsport Area Community College as a full time student.[4] Pelton received partial benefits through the Aid to Families with Dependent Children program (AFDC), 42 U.S.C. §601. In October, 1980, her automobile broke down, leaving her without a reliable means of transportation. On November 20, 1980, Pelton applied to DPW for the one-time grant authorized in 55 Pa. Code §175.23(c)(2)(iv). The Clinton County Board of Assistance (Board) determined her to be ineligible for the one-time grant on the basis that such grants are available only to those who need them in order to apply for or accept employment or training and not to those who need them in order to retain their employment. After a fair hearing, DPW affirmed the Board's determination.

Similarly, Petitioner Nancy Boudman was employed and received partial benefits through AFDC. After her automobile broke down, she appplied to the Columbia County Board of Assistance for the one-time grant. Boudman was also determined not to be eligible for the grant because she was employed at the time of her application. Following a fair hearing, DPW affirmed this determination.

DPW candidly admits that factually, the case now before us is indistinguishable from that in *Bittner v. Department of Public Welfare*, 50 Pa. Commonwealth Ct. 396, 413 A.2d 20 (1980), and similar cases decided prior and subsequent thereto,[5] where we held that the

---

[4] Classes were to begin in January of 1981.

[5] *See Rodgers v. Department of Public Welfare*, 45 Pa. Commonwealth Ct. 574, 405 A.2d 1068 (1979); *Chase v. Department of Public Welfare*, 46 Pa. Commonwealth Ct. 308, 406 A.2d 261 (1979); and *Woody v. Department of Public Welfare*, 66 Pa. Commonwealth Ct. 629, 445 A.2d 864 (1982).

regulation here involved applies not only to those claimants who need the grant in order to apply for or accept employment but also to those individuals who need the grant in order to *maintain* training or retain employment.

We note that on July 16, 1980, our Supreme Court denied DPW's Petition for Allowance for Appeal of the *Bittner* decision. Since *Bittner* has not been overruled or reversed, it remains good law and, in our opinion, is binding upon DPW in this case. In affirming the Board's decision, nevertheless, DPW stated:

> The order of Hearing Examiner Dauvey J. Hoffman is affirmed in its entirety. This Amended Order clarifies that Commonwealth Court in Chase v. Department of Public Welfare, 577 C.D. 1978, Rogers [sic] v. Department of Public Welfare, 1620 C.D. 1978 and Bittner v. Department of Public Welfare, 963 C.D. 1979, held that application for a one-time grant to apply for or accept employment or training could be made after employment or training began. However, the appeals by Chase, Rogers [sic] and Bittner were not class actions and the Department has not opted to change its interpretation of the regulations even though it may ultimately be reversed again in Commonwealth Court.

We seriously question whether DPW has the option of deciding cases based upon its own interpretation of a regulation where this Court has decided not once but several times that that interpretation was incorrect. Certainly the fact that this is a class action would not justify DPW adopting a position contrary to that which was held to be the law by this Court. Such action by DPW gives rise to a fair inference of arbitrariness and abuse of discretion on the part of DPW.

DPW argues that because we said Section 175.23 (c)(2)(iv) violated the purpose of AFDC as set forth in 42 U.S.C. §601, and that it has subsequently been decided by a federal court that DPW's interpretation does not violate federal law, we should now overrule *Bittner*. We decline to do so.

When we held in *Bittner* that Section 175.23 (c)(2)(iv) could not be limited to only those persons who needed the one-time grant to apply for or accept training, we based our decision on our interpretation of *state* law. We referred to federal law only as further support. The fact that DPW's interpretation has subsequently been determined to be in accord with federal law does not alter our determination that DPW's interpretation of the regulation was "far too narrow and restrictive" under state law.

We are not persuaded by DPW's argument that claimants who are already employed or are in training do not need the one-time grant as much as those claimants who are unemployed. DPW believes that the already employed can take advantage of student loans, basic opportunity grants and supplemental opportunity grants, whereas these sources are not made available to the unemployed. Without expressing an opinion as to the merit of this assertion,[6] we are of the opinion that once the claimant demonstrates that the need for the automobile was acquired to apply for or accept employment, then "once having attained

---

[6] Although DPW has alleged that the result of our decision today would cost an exorbitant sum of money from which there is no source of funding, DPW has not demonstrated to the satisfaction of the Court that it would be economically infeasible to provide the one-time grant to claimants already employed or in training. Neither has DPW provided this Court with any information which would allow us to determine whether in fact Petitioners would have adequate resources available to them if we were to approve the DPW interpretation of the regulation at issue.

that status, the cost of such items was, in the wording of the regulation itself, subject to a 'nonrecurring one-time grant'." *Rodgers,* 45 Pa. Commonwealth Ct. at 576, 405 A.2d at 1069. To deny individuals who are already working the benefit of the one-time grant seems to us to frustrate the stated intent of Section 175.23(c)(2)(iv) which is to decrease their need for assistance.

We note, moreover, that Section 401 of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §401 states that the purpose of the Code is to promote the welfare of the needy and distressed in the Commonwealth and that the Code's provisions are to be administered in such a manner "as to encourage self-respect, self-dependency and the desire to be a good citizen and useful to society." As we noted in *Chase,* DPW's interpretation of its regulation acts to deprive an applicant of the means of maintaining employment or continuing training and is inconsistent with grants that enable a welfare recipient to apply for or accept employment or training. The fair inference from our language in *Chase* is that DPW's narrow interpretation of its regulation is inconsistent with Section 401 of the Code.

In summary, we believe Petitioners have met their burden of showing that they have a clear right to summary judgment because (1) current case law has resolved the issue in Petitioners' favor; (2) the case *sub judice* is not factually distinguishable from prior cases of this Court; (3) the fact that a federal district court has resolved federal issues in DPW's favor does not compel this Court to rule in DPW's favor with respect to state issues involved; and (4) DPW's narrow interpretation of the regulation, which is the subject of the controversy, is inconsistent with the

stated purpose of the regulation and the stated purpose of the Code.

We, accordingly, will grant Petitioners' motion for summary judgment and deny DPW's motion for summary judgment.

ORDER

Petitioners' motion for summary judgment is granted. The cross-motion of the Department of Public Welfare for summary judgment is denied.

---

CONCURRING OPINION BY JUDGE DOYLE:

I concur with the result reached by the majority and, although I was not a member of the Court which decided *Bittner v. Department of Public Welfare*, 50 Pa. Commonwealth Ct. 396, 413 A.2d 20 (1980), I believe that the principle of *stare decisis* should not be taken lightly. DPW's concern is more properly directed to the legislative branch rather than the judicial branch of government.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. I did not object to our opinion and order in *Bittner v. Department of Public Welfare*, 50 Pa. Commonwealth Ct. 396, 413 A.2d 20 (1980), but on further reflection on occasion of this appeal I believe that we should not have held in *Bittner* that a nonrecurring one-time grant must be paid not only to individuals who need them in order to apply for or accept employment but also to those individuals who need the grant in order to maintain training or retain employment. I say this notwithstanding the fact that the Pennsylvania Supreme Court denied a Petition for Allowance of Appeal of *Bittner*. The *Bittner* holding was based on our conclusion that the

DPW regulation, as that agency interprets it, violated the declared purpose of the AFDC program. Since *Bittner* was decided, the United States District Court in this, the *Pelton-Boudman* case, has held that the DPW's interpretation does not violate the Federal Statute.

I am also of the belief that we have given too little deference to DPW's interpretation of its regulation and indeed have intrusively supplemented it to include a class of individuals neither embraced by the language of the regulation nor, as DPW tells us, intended to be.

President Judge CRUMLISH, JR. joins in this dissent.