RUSSELL, Judge.
This is a food stamp eligibility case.
Moses DeRamus’s applications to the Alabama Department of Human Resources (DHR) for food stamps were denied because he was found to be a member of a household, rather than qualifying as a separate household. That decision was upheld after a hearing and rehearing before an administrative representative of DHR. DeRamus then filed a petition for review in the Circuit Court of Autauga County, which affirmed the determination of DHR. DeRamus appeals. We affirm.
The issue before this court is whether DeRamus established that he qualifies as a separate household because he “customarily purchases food and prepares meals for home consumption separate and apart from the others.” 7 U.S.C.A. § 2012(i) (West 1988).
We note at the outset that we are governed by § 41-22-20(k), Ala.Code 1975 (1982 Repl.Vol.), as to the rules for judicial review and that, therefore, our standard of *47 review is limited in scope. Ferlisi v. Alabama Medicaid Agency, 481 So.2d 400 (Ala.Civ.App.1985). Section 41-22-20(k) provides that “the agency order shall be taken as prima facie just and reasonable” and limits the scope of judicial review “to whether the order is supported by substantial evidence, whether the agency’s decision is reasonable and not arbitrary, and whether the agency acted within its power conferred upon it by law and the constitution.” Ferlisi, 481 So.2d at 403 (citations omitted).
Additionally, an agency’s interpretation of its own regulation, if reasonable, must stand, even though another interpretation may appear to be more reasonable. Id.
A review of the record and the testimony from the administrative hearings indicates that DeRamus has lived in the house with Allie Lee Goodson and her two grandchildren for two and one-half or three years and that he has been without income during that time. Goodson purchased food for DeRamus, kept it separate from her family’s food, and cooked it in a separate pot because DeRamus has no teeth and needs soft foods. DeRamus does not know how to cook.
Sometimes Goodson cooks the food together, particularly with items such as grits, rice, or eggs, which DeRamus can eat cooked the same way as other members of the household. Some foods, such as meats, can be cooked together and then his portion given extra preparation, such as chopping. DeRamus eats with the rest of the household.
DeRamus contends that, because he established that his food is customarily purchased and prepared separately and apart from the people with whom he lived, the decision denying him food stamps violates federal statutory and regulatory provisions.
Although the hearing officer at DeRa-mus’s rehearing held that the intent to purchase separately had been established, he also held that, while some food was prepared separately, it had not been established that the entire meal was prepared separately and apart and that both purchasing and preparing separately are necessary.
We find no Alabama cases addressing the question of preparing meals separately and apart in qualifying as a separate household under 7 U.S.C.A. § 2012(i); however, this was considered in Miller v. Commonwealth, Department of Public Welfare, 74 Pa.Commw. 642, 460 A.2d 912 (1983). Although the petitioner in Miller testified that she and the father of her children received separate public assistance, that the father purchased and prepared meals separately for himself and one child, and that they ate together occasionally, but did not eat together most of the time because they liked different foods, the court held that this did not warrant the finding of two separate households. The court, citing Bennett v. Commonwealth, Department of Public Welfare, 49 Pa.Commw. 198, 410 A.2d 953 (1980), held that “separate sources of income and disparate diets do not negate the fact that one common household exists.” Miller, 74 Pa. Commw. at 645, 460 A.2d at 914 (emphasis supplied).
In Bennett, the court additionally held that a finding that one person prepared the food for two people necessarily imports that cooking is in common.
In the present case the record indicates that the food is prepared by one person, that some of the food is prepared in common for all members of the household, and that the reason some food is prepared separately is due to a need of DeRamus for a separate diet.
Therefore, in view of the record and the cases cited above, we find that DHR’s decision was supported by substantial evidence, that the decision is reasonable and not arbitrary, and that DHR acted within its powers.
The judgment of the circuit court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs.
ROBERTSON, J., dissents.