STEAGALL, Justice.
We granted the petition for writ of cer-tiorari in this case to determine whether the State Department of Human Resources improperly denied Moses DeRamus’s application for food stamps based on the finding that he did not qualify as a separate “household” under 7 U.S.C.A. § 2012(i)(1) (West 1988). That statute defines a “household” as “an individual who lives alone or who, while living with others, customarily purchases food and prepares meals for home consumption separate and apart from the others.” The circuit court affirmed the agency’s decision, and the *49 Court of Civil Appeals affirmed, holding that both purchasing and preparing food separately are necessary to qualify an individual living with others as a separate household under § 2012(i). 574 So.2d 46.
Under Ala.Code 1975, § 41-22-20(k), agency action may be reversed if it is:
“(1) In violation of constitutional or statutory provisions;
“(2) In excess of the statutory authority of the agency;
“(3) In violation of any pertinent agency rule;
“(4) Made upon unlawful procedure;
“(5) Affected by other error of law;
“(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
“(7) Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.”
DeRamus is elderly, disabled, and without income. For about the past three years, he has lived with a woman named Allie Lee Goodson, who is unrelated to him, and with her two grandchildren. Because DeRamus has no money, Goodson purchases his food, although she keeps it separate from hers when they grocery shop together. Goodson also prepares DeRamus’s food separately from her family’s, due to the fact that he has no teeth and must eat soft foods. He occasionally shares certain items with them, however, such as grits, rice, and eggs.
The original Food Stamp Act was passed in 1964 and provided that households were to be determined by an “economic unit” test. An “economic unit” was defined as “a group of individuals for whom food is customarily purchased and stored in common for use by all and for whom common living costs are customarily being met from income and/or resources available to all.” H.Rep. No. 95-464, p. 141 (1977), U.S.Code Cong. & Admin.News 1977, p. 2111 (emphasis added). That Act was amended in 1977 in response to United States Department of Agriculture v. Moreno, 413 U.S. 528, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973), which held that the Act’s exclusion of unrelated persons who shared living quarters from the definition of “household” violated the equal protection rights of that class of persons.
Consequently, the new test for who constitutes a “household” is the “living together” or “eating unit” test. That test is now codified at § 2012(i) and requires that an individual “customarily” purchase and prepare meals separately. Thus, the Act as amended retains the adverb “customarily” in describing how often one needs to purchase and prepare food separately. The legislative history of the 1977 Act defines “customarily” as “a significant majority of the time.” U.S.Code Cong. & Admin.News 1977 at 2112. The committee report regarding the bill that became the 1977 Act goes on to say:
“Whether the eating unit test is any easier to administer than the economic unit test and will have the result the Secretary intended remains to be seen as the bill ... affects groupings. The end of the concept of the economic unit would prevent such ridiculous constructions as that attacked in White v. Butz, Civ. Action No. C75-1511A (N.D.Ga. 1975), in which plaintiffs were denied food stamps because they had no income and thus could not afford to form part of any economic unit, thereby foreclosing the most indigent from access to food stamps.”
Id. at 2114 (emphasis added).
The record in this case discloses that DeRamus’s food is, in fact, prepared separately a “significant majority of the time,” even though Goodson and her grandchildren occasionally share certain soft foods with him. As the legislative history reveals, the fact that DeRamus does not purchase his own food does not automatically preclude him from qualifying as a separate household. Section 3210 of the Alabama Food Stamp Handbook includes an applicant’s intent as a consideration when determining household status:
“The primary factor in determining the composition of a food stamp household is the concept of a ‘food unit,’ i.e., a person or persons living together who customar *50 ily purchase food and/or prepare their meals together.
[[Image here]]
“However, household composition for food stamp benefits may also be based on the applicant’s intent to customarily purchase and/or prepare separately from other residents of the home. For example, an individual may intend to function as a separate food stamp household, i.e., purchasing his food and preparing his own meals, but cannot do so unless the food stamp application is approved in order to purchase food. Even though functioning as a household is contingent upon receipt of food stamps, the individual expressing such intent may be defined as a household for food stamp purposes.”
(Emphasis original.)
The administrative hearing officer specifically found on rehearing that “the intent to purchase separately has been established” but went on to say that the preparation of the food was not separate. That finding ignores both the § 3210 provision pertaining to intent as well as the substantial evidence in the record that DeRamus’s food was prepared separately a “significant majority of the time.” Section 2012(i) does not require that food always be prepared separately, only that it be so prepared “customarily.”
Recognizing the issue to be one of first impression in Alabama, the Court of Civil Appeals relied exclusively on two Pennsylvania cases, Miller v. Commonwealth Dept. of Public Welfare, 74 Pa.Commw. 642, 460 A.2d 912 (1983), and Bennett v. Commonwealth Dept. of Public Welfare, 49 Pa.Commw. 198, 410 A.2d 953 (1980), in affirming the agency decision. Those cases, however, are distinguished. Both involved related individuals living together. Furthermore, the Bennett case, on which the Miller case relied, was based on the obsolete “economic unit” test.
We find the conclusion of the Department of Human Resources to be clearly erroneous and arbitrary, especially in light of the substantial evidence and the hearing officer’s finding that DeRamus possessed the intent to purchase separately. As Judge Robertson pointed out in his dissent, the agency’s decision frustrates the purpose of the Food Stamp Act and denies food stamps to the very person the Act was designed to benefit. Therefore, the Court of Civil Appeals’ judgment of affirmance is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS and HOUSTON, JJ„ concur.