631 A.2d 815

**Jean LAMBERT, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 1993.

Decided Sept. 7, 1993.

Judith L. Jones, for petitioner.

Belinda Davis–Branch, Asst. Counsel, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Jean Lambert appeals the order of the Department of Public Welfare's Office of Hearings and Appeals (OHA) dated October 14, 1992, affirming a hearing officer's determination denying Lambert's application for cash assistance under the Aid to Families with Dependent Children Program (AFDC) pursuant to the Public Welfare Code (Code).[1]

On April 29, 1992, Lambert applied to the Northampton County Assistance Office (NCAO) for cash assistance through AFDC for herself and her minor daughter. AFDC, essentially a federal program administered through the Department of Public Welfare (DPW), provides financial assistance to needy children and their parents.[2] NCAO authorized medical assis-

---

1. Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §§ 101–1411.

2. Section 432 of the Code provides in relevant part, that:

   Except as hereinafter provided, and subject to the rules, regulations, and standards established by the department, both as to eligibility for assistance and as to its nature and extent, needy persons of the classes defined in clauses (1), (2), and (3) shall be eligible for assistance:

tance and food stamps, but denied cash assistance to Lambert because Lambert's personal resources exceeded the resource limitation of $1,000 to be eligible for cash assistance. Section 432.5 of the Code pertinently provides:

> (c) Other property in excess of two hundred fifty dollars ($250) for a single person assistance unit and other property in excess of one thousand dollars ($1,000) for assistance units with more than one person shall be considered an available resource. The following items shall not be considered an available resource, unless such consideration is required under Federal law or regulations:
>
> . . . .
>
> (4) A motor vehicle with an equity value that does not exceed limits as the department may establish by regulation.

62 P.S. § 432.5(c)(4).

A routine check by DPW of Bureau of Motor Vehicles records indicated that Lambert owned a 1989 Chevrolet Cavalier without lien or encumbrance. NCAO found the fair market value of the car to be $4,850. NCAO deducted $1,500, the amount established by DPW as an allowable equity value pursuant to 55 Pa.Code § 177.21(a)(2) and concluded Lambert had $3,350 in resources from the vehicle, $2,350 over the resource limit. Had the car been encumbered, the amount of the encumbrance would have been subtracted from its value.

Lambert appealed NCAO's denial of cash assistance and on July 28, 1992, a telephone hearing was conducted before a DPW hearing officer. Before the hearing officer, Lambert testified that she purchased the car on August 14, 1989, from a local car dealer for $11,624 in cash. Lambert testified that she had borrowed $9,000 from her father in order to purchase the vehicle. Lambert submitted an affidavit signed by her father, dated September 4, 1991, that stated that Lambert's

(1) Persons for whose assistance Federal financial participation is available to the Commonwealth as aid to families with dependent children or as other assistance, and which assistance is not precluded by other provisions of law.
62 P.S. § 432.

father had loaned her $9,000 to purchase the vehicle. The affidavit also stated that Lambert would pay off the loan at such time as she had income. Lambert stated that she has not paid any amount toward the loan because she has not been employed.

There was some discussion on the record of a DPW policy clarification on encumbrances and loans, but no documents were submitted applicable to that subject. The hearing examiner defined encumbrance as a legal claim or lien against real or personal property. Because Lambert did not submit legal documentation to demonstrate that she was legally bound to repay the loan from her father, the examiner held that the vehicle was unencumbered and its value exceeded the resource limitation even after deduction of the allowable equity value of $1,500. The examiner, therefore, denied Lambert's appeal. Lambert's appeal to OHA was denied on October 14, 1992. Lambert's appeal to this Court followed.

■ On appeal, Lambert argues that the loan from her father constitutes an encumbrance, which would diminish the value of her vehicle to the extent that its value would not prevent Lambert from obtaining cash assistance. Our scope of review of adjudications of DPW is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact were not supported by substantial evidence. *Burroughs v. Department of Public Welfare,* 146 Pa.Commonwealth Ct. 509, 606 A.2d 606 (1992).

■ Lambert contends that a Policy Clarification by the Office of Income Maintenance, Tr. No. 1062, dated September 16, 1991, provides that a loan need not be taken through a financial institution to be considered an encumbrance on a vehicle and that she has provided the requisite evidence of that encumbrance. In order to prove that a vehicle has an encumbrance, an applicant for assistance must provide evidence that: (1) the money was borrowed for the purpose of purchasing a vehicle; (2) the lender expects repayment and the claimant acknowledges an obligation to repay the loan;

and, (3) a timetable and plan for repayment has been established. Lambert has failed to provide evidence of the last two items.

While the affidavit submitted by Lambert might establish that the money was borrowed to purchase the vehicle, and that Lambert's father expects repayment, it is in no way binding on Lambert herself. Nowhere does Lambert acknowledge that she is obligated to repay the loan. Although Lambert testified that she intends to repay the loan, the referee is entitled to weigh and discount such self-serving testimony, and we may not reverse such a credibility finding. *Owens v. Department of Public Welfare*, 75 Pa.Commonwealth Ct. 494, 462 A.2d 904 (1983).

With regard to the third item, the policy clarification requires that, "the client is currently making payments or there is a *statement detailing the client's plan to repay the loan* when future anticipated income is received." Policy Clarification, Tr. No. 1062 (emphasis added). The affidavit submitted by Lambert merely recites that Lambert's father expects repayment at such time as she has income, falling far short of the standard established by the policy clarification.

■ To the extent that Lambert challenges the validity of DPW's regulations and internal policy clarifications, we must reject her argument. DPW's interpretation of its own regulations is controlling unless it is inconsistent with the plain language of the regulations or the statute under which the regulations are promulgated. *St. Christopher's Hospital for Children v. Department of Public Welfare*, 128 Pa.Commonwealth Ct. 144, 562 A.2d 1021 (1989). Lambert has not made any such showing of inconsistency here.

For the foregoing reasons, we affirm the order of the Department of Public Welfare's Office of Hearings and Appeals denying Lambert cash assistance.

## ORDER

NOW, September 7, 1993, the order of the Department of Public Welfare's Office of Hearings and Appeals in the above-captioned matter is hereby affirmed.